# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERI ROYCE-JESSE,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF FRESNO, et.al.,<br><br>Defendants. | Case No. 1:26-cv-4253-KES-EGC<br><br>**FIRST SCREENING OF COMPLAINT; ORDER FOR PLAINTIFF TO:**<br><br>**(1) FILE A FIRST AMENDED COMPLAINT; OR**<br><br>**(2) NOTIFY THE COURT THAT THEY WISH TO STAND ON THEIR COMPLAINT**<br><br>**(3) VOLUNTARILY DISMISS THEIR COMPLAINT**<br><br>(Doc. 1)<br><br><u>THIRTY-DAY DEADLINE</u> |

On June 3, 2026, Plaintiff Jeri Royce-Jesse, proceeding pro se and *in forma pauperis*, filed a civil action. (Doc. 1 ("Complaint")). Plaintiff's complaint is now before the Court for screening. Upon review, the Court concludes that the complaint fails to state any cognizable federal claims and, as such, the Court does not have jurisdiction over her state law claims.

Plaintiff has the following options as to how to proceed: (1) Plaintiff may file an amended complaint, which the Court will screen in due course; (2) Plaintiff may file a statement with the

Court stating that she wants to stand on this complaint and have it reviewed by an assigned district judge; or (3) Plaintiff may file a notice of voluntary dismissal. If Plaintiff does not comply with this order, the undersigned will recommend that the case be dismissed.

//

## SCREENING AND PLEADING REQUIREMENTS

### A. Screening Requirement

In cases where a plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *See also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See*, *e.g.*, *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint,

a court need not accept a plaintiff's legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**B. Federal Rule of Civil Procedure 8(a)**

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). Since Plaintiff is appearing *pro se*, the Court must construe the allegations of his complaint liberally and must afford Plaintiff the benefit of any doubt. *See Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Further, "a plaintiff's obligation to provide the 'grounds' of [their] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555 (citations omitted); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citations omitted)).

# I. EVALUATION OF PLAINTIFF'S COMPLAINT

## A. Plaintiff's Claims

Plaintiff alleges federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4) as to her federal claims and supplemental jurisdiction over her state law claims pursuant to 28 U.S.C. § 1367. Plaintiff brings the following claims:

1. False Arrest against Defendants Rippe and Woesner (September 27, 2020);

2. False Imprisonment against Defendants Rippe and Woesner (September 27, 2020);

3. Malicious Prosecution against Defendants Rippe, Jhawer, and Cross. (September 27, 2020);

4. Intentional Infliction of Emotional Distress against Defendants Rippe, Jhawer and Cross. (September 27, 2020);

5. Failure to Properly Train against Defendants County of Fresno, his agents, servants and employees. (October 8, 2020);

6. Violation of the Fourteenth Amendment-State Created Danger, Failure to Protect, against Defendants: Arzate, Chandler, Garcia, Serrano, Fams, and Sims. (October 8, 2020);

7. Failure to Supervise and Discipline, against Defendants: County of Fresno, his agents, servants, employees. (October 8, 2020);

8. Intentional Infliction of Emotional Distress, ongoing against Defendants: Hitter, Leona, and Collegio. (October 11, 2020);

9. Failure to Supervise and Discipline, against Defendants Hitter, Leona, and Collegio. (October 11, 2020);

10. Violation of Substantive Due Process against Defendants Barrajas and Monopoli;

11. Monell Municipal Liability Civil Rights Action Against Defendant County of Fresno, it's agents, servants, and employees… Policy of Failure to Train, Pattern of false arrests[1];

12. Monell Municipal Liability Civil Rights Action Against Defendant: County of Fresno, it's agents, servants, and employees… Pattern of Malicious Prosecution, Failure to Supervise or Discipline, Pattern of Obstruction of Accountability;

13. Injunctive Relief.[2]

(*See* Doc. 1 at 22–34). Plaintiff's facts are summarized as follows.

---

[1] Numbered incorrectly as "Twelfth Cause of Action."
[2] Numbered as "Sixteenth Cause of Action."

Plaintiff alleges that on September 27, 2020, Plaintiff's husband, Jonathan Myers (hereinafter "Myers"), arrived home and instigated a verbal altercation that woke their children, leading to a physical assault in the children's bedroom. (Doc. 1 at 8). Plaintiff fled the residence with her children, and while en route to her mother's home, Myers called dispatch, stating he was the victim of domestic violence and that Plaintiff might be combative with law enforcement. (*Id.*). Plaintiff also placed a call to the Fresno County Sheriff's Department (FCSD), resulting in "dual" calls. Plaintiff now alleges that Myers made false statements during his call. (*Id.*). FCSD Sheriff Woesner was dispatched to the scene, and shortly thereafter, Plaintiff alleges that Woesner falsely arrested and illegally detained her. (*Id.* at 9). Following her release, Plaintiff states that she made multiple documented dispatch calls to have her injuries documented and that she emailed injury photos to FCSD Sheriff Jhawer Karanvir, who emailed back stating he was not going to include the photos in his report. (*Id.* at 10). Plaintiff further alleges she endured years of ongoing malicious prosecution during which injury photos, dispatch calls, a meeting with Detective Nicholas Cross, and witness statements were concealed. (*Id.* at 10–11). Plaintiff thereafter submitted an Internal Affairs complaint to chronicle the alleged misconduct, but FCSD did not pursue an investigation into her complaints. (*Id.* at 11).

Plaintiff further alleges that in 2024, FCSD posted Plaintiff's mugshot to social media, stating to the public that she had assaulted her husband and that she was "wanted," as well as portraying her as "on the run" with a $1,000 reward. (Doc. 1 at 11). She alleges this post was posted while she was still waiting for an Internal Affairs response and was reachable by the FCSD. (Doc. 1 at 11–12). Plaintiff then filed a complaint with Police Officer Standards and Trainings (POST), which Sergeant Rippe investigated, clearing the FCSD of wrongdoing. (*Id.* at 12). Plaintiff claims that the malicious prosecution continued with criminal proceedings going forward until the case was dismissed in the pursuit of justice on February 10, 2025. (*Id.* at 15).

Plaintiff also alleges further events in October 2020 in which FCSD was called to her residence due to disputes and describes encounters in 2023 relating to her reporting of such altercations but states that FPD detectives and district attorneys stonewalled her. (Doc. 1 at 16–21).

Plaintiff seeks various forms of declaratory and injunctive relief, compensatory damages, punitive damages, and attorney's fees.

For the reasons discussed below, the Court finds that the complaint does not state any cognizable claims. Plaintiff shall be provided with the legal standards that appear to apply to her claim and will be granted an opportunity to file an amended complaint to correct the identified deficiencies.

**A. Federal Claims**

1. Improper Defendants

Plaintiff names the Fresno Police Department and the Fresno County Sherriff's Department as defendants.

To proceed with a section 1983 claim at the entity level—in addition to asserting claims against individual officers—a plaintiff must meet the legal standard for stating a constitutional claim against a municipal entity. Although there is split authority on this subject, the Court agrees with the line of cases that hold that a California police department is not a "person" under section 1983 and therefore not a proper defendant for section 1983 claims. *See Gunn v. Stanton Corr. Facility*, No. 2: 21-CV-0456-KJN-P, 2021 WL 1402141, at *2 (E.D. Cal. Apr. 14, 2021) (citing *Cantu v. Kings Cty.,* No. 1:20-CV-00538-NONE-SAB, 2021 WL 411111, at *1–2 (E.D. Cal. Feb. 5, 2021) (discussing split authority in this district)); *see also Gatlin v. Bank of Am.*, No. 2:23-CV-0272-DAD-KJN P, 2023 WL 2529725, at *2 (E.D. Cal. Mar. 15, 2023) ("Turning to plaintiff's claim against defendant Sacramento County Jail, an agency or department of a municipal entity is not a proper defendant under Section 1983."). Therefore, because the undersigned finds that Fresno Police Department and the Fresno County Sherriff's Department are subdivisions, departments, or agencies of a local government entity—in this case the City of Fresno and the County of Fresno, respectively, *Nelson v. County of Sacramento*, 926 F. Supp. 2d 1159, 1170 (E.D. Cal. Feb. 26, 2013) ("Under [Section] 1983, 'persons' includes municipalities. It does not include municipal departments."), Plaintiff's claims against these parties are not cognizable as against those Defendants. Accordingly, in an amended complaint, Plaintiff should name the proper municipal entities, such as the City of Fresno and the County of Fresno.

Additionally, to the extent Plaintiff's *Monell* claims target Defendants Hitter, Leona, and Collegio in their individual capacities as supervisors, those claims fails as a matter of law because Plaintiff alleges no personal participation in a constitutional violation beyond a bare assertion that they simply "arrived" at the scene. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Therefore, the Court finds that the Ninth Cause of Action is not cognizable as against Defendants Hitter, Leona, and Collegio. To address this deficiency in an amended complaint, Plaintiff must allege specific facts showing either that these supervisory defendants personally participated in the constitutional violation, directed the violations of their subordinates, or knew of the violations and failed to act to prevent them.

2. <u>*Monell* Liability</u>

Plaintiff asserts several separate causes of action explicitly or implicitly relying on theories of *Monell* liability. The Fifth Cause of Action alleges a failure to properly train based on an incident occurring on October 8th, 2020. (Doc. 1 at 26). The Seventh Cause of Action asserts a claim for failure to supervise and discipline arising from that same October 8th, 2020 incident and alleged duty to "protect 'other persons present.'" (*Id.* at 28–29). The Ninth Cause of Action alleges a failure to supervise and discipline stemming from an incident on October 11th, 2020. (*Id.* at 30–31). The Eleventh Cause of Action asserts a claim for *Monell* municipal liability premised on an official policy of failure to train and a pattern of false arrests. (*Id.* at 32–33). Lastly, the Twelfth Cause of Action alleges *Monell* municipal liability based on a pattern of malicious prosecution, a failure to supervise or discipline, and a pattern of obstruction of accountability. (*Id.* at 33–34).

Municipalities can only be held liable under section 1983 when an official policy, widespread practice, or custom causes a violation of constitutional rights. *Monell*, 436 U.S. at 690–91. Even though Plaintiff's complaint alleges *Monell* claims as a separate cause of action, *Monell* is more properly described as a theory of liability that may support a cognizable claim against the City or County based on her civil rights claims. *Al & Sons Towing, Inc. v. City of Pomona*, No. CV-218806, 2024 WL 607350, at *6, fn. 3 (C.D. Cal. Jan. 3, 2024) ("Separate *Monell* 'claims' are not separate causes of action but are distinct legal theories for holding a

municipality liable for civil rights violations."); *see also Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) ("*Monell* does not provide a separate cause of action for the failure by the government to train its employees; it extends liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation."). Therefore, *Monell* is not a legal claim, instead it is describes a category of specific legal theories that may be used to establish municipal fault and deliberate indifference. *See City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

To the extent the Seventh and Ninth Causes of Action seek to hold municipal entities liable for a failure to supervise, those are properly understood as section 1983 claims premised on *Monell* liability. (*See* Doc. 1 at 28–31). "In order to establish liability for governmental entities under *Monell*, a plaintiff must prove '(1) that the plaintiff possessed a constitutional right of which she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation.'" *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (quoting *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997)). A "policy" is a "deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Fogel v. Collins*, 531 F.3d 824, 834 (9th Cir. 2008) (citation omitted). A "custom" is a "widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law." *St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (citation omitted).

Therefore, to adequately plead any constitutional violation Plaintiff may wish to assert against the City of Fresno and County of Fresno through a section 1983 claim, Plaintiff would have to allege facts showing "that a [municipal] employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the [municipality]." *Gillette*, 979 F.2d at 1346. Only in very restricted circumstances can the *lack* of a county policy to limit constitutional violations—for instance a failure to train county employees or officers—give rise to *Monell*

liability. *See City of Canton*, 489 U.S. at 390; *Oviatt v. Pearce*, 954 F.2d 1470, 1477 (9th Cir. 1992) ("[T]he decision not to take any action to alleviate the problem of detecting missed arraignments constitutes a policy for purposes of § 1983 municipal liability.").

The current complaint lacks sufficient facts to raise a section 1983 claim based on any theory of *Monell* liability against the County of Fresno. Plaintiff alleges that the Defendants Rippe and Woesner "arrested [her] without a warrant and without probable cause" and that they "unlawfully detained Plaintiff for an unreasonable period of time after they knew or should have known that Plaintiff had committed no crimes." (Doc. 1 at 22–23). Plaintiff also alleges that Defendants Rippe, Jhawer and Cross "maliciously instituted a legal action against Plaintiff without probable cause." (*Id.* at 24). Although in some instances Plaintiff names specific county or city officers that she believes violated her constitutional rights, she does not allege *how* they did so in a non-conclusory fashion; nor does she connect their conduct to a county or city policy, practice, or custom. A "plaintiff cannot demonstrate the existence of a municipal policy or custom based solely on a single occurrence of unconstitutional action by a non-policymaking employee." *McDade v. West*, 223 F.3d 1135, 1141 (9th Cir. 2000).

Therefore, the Court finds that Plaintiff has not plausibly alleged cognizable section 1983 claim premised on *Monell* liability based on any theory raised in the Complaint. If Plaintiff decides to amend her *Monell* claims, Plaintiff must allege facts that show how the specific actions of individuals were the direct result of an official policy, an enduring practice or custom, or the decision of a final policymaker and connect those facts to her specific injury.

3. Immunity

Plaintiff asserts a claim for "Violation of Substantive Due Process" against Defendants Barajas and Monopoli. (Doc. 1 ¶¶ 255–261). To the extent Plaintiff seeks damages against District Attorney Monopoli for failing to review her evidence or for moving forward with a prosecution, those claims are conclusory and barred by absolute prosecutorial immunity.[3] *See*

[3] While Plaintiff separately requests injunctive relief, stating that "[u]nless enjoined, defendants will continue to engage in the unlawful acts and in the policies and practices described above." (Doc. 1 at 34). However, a request for injunctive relief is merely a remedy and does not constitute an independent cause of action. *See Shamsian v. Atl. Richfield Co.*, 107 Cal. App. 4th 967, 984–85 (2003). Because a viable underlying cause of action must exist before injunctive relief may be granted, the Court finds that this request cannot stand as a separate claim.

*Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). State prosecutors are absolutely immune from liability under section 1983 for conduct intimately associated with the judicial phase of the criminal process, including the independent evaluation of evidence and decisions regarding what documentation to review. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976). Absolute immunity shields a prosecutor's determination not to review or accept exculpatory evidence presented during criminal proceedings. (*Id.* at 431 n. 33). Because Plaintiff alleges that Defendant Monopoli was "performing their duties as [an] officer[], and/or servant[] for the defendant the County of Fresno," (Doc. 1 at 31), her claims against District Attorney Monopoli are barred by judicial immunity. If Plaintiff wishes to amend this claim, she should omit any claim against a Defendant where such a claim is barred by an immunity doctrine.

4. Other Deficiencies in the Pleadings

Next the Court will review Plaintiff's section 1983 claims and identify various deficiencies in the pleadings.

Title 42 U.S.C. § 1983 ("section 1983") provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009); *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393–94 (1989)) (internal quotation marks omitted). It "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996); *see Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant.").

To state a claim under section 1983, a plaintiff must allege that the defendant (1) acted under color of state law, and (2) deprived them of rights secured by the Constitution or federal law. *Long*, 442 F.3d at 1185; *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right,

"within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs*., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

A section 1983 plaintiff's allegations must demonstrate that each individual defendant personally participated in the deprivation of their rights. *Jones*, 297 F.3d at 934. This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Persons proceeding pro se are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). But the sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

As set forth below, Plaintiff has not pleaded a cognizable claim under section 1983.

*i.* The Court starts with Plaintiff's First and Second Causes of Action: False Arrest and False Imprisonment Against Defendants Rippe and Woesner. (Doc. 1 at 21–23). Therein, Plaintiff alleges that defendants Rippe and Woesner arrested her without a warrant and without probable cause on September 27, 2020. (*Id.* at 22). Plaintiff further alleges that Rippe and Woesner "unlawfully detained Plaintiff for an unreasonable period of time after they knew or should have known that Plaintiff had committed no crimes." (*Id.* at 23).

To state a section 1983 claim for false arrest and imprisonment, a plaintiff must allege true facts to show that there was no probable cause to arrest them. *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998). "[P]robable cause exists when the arresting officer has facts within his knowledge based on trustworthy information [that] would warrant a prudent man to believe that an offense has been committed, and that the suspect committed it." *United States v. Jennings*, 468 F.2d 111, 114 (9th Cir. 1972).

Claims for false arrest and false imprisonment overlap significantly, as the former is a species of the latter. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). "If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment,

but not more." *Id.* at 390 (internal quotation omitted). "From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself." *Id.* (internal quotation omitted).

Here, Plaintiff's allegations are deficient for two reasons. First, Plaintiff fails to allege any personal participation by Defendant Rippe. (*See* Doc. 1 at 8–10). The complaint notes that Officer Woesner enacted the arrest, but it contains no specific allegations regarding Sergeant Rippe's involvement or actions during the September 27, 2020 incident. (*Id.*). Liability under section 1983 arises only upon a showing of personal participation in the constitutional deprivation. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Second, Plaintiff fails to allege sufficient facts to plausibly establish a lack of probable cause. Plaintiff relies primarily on the conclusory assertion that her detention constituted a "fals[e] arrest." (Doc. 1 at 9). While Plaintiff alleges that the underlying 911 dispatch call placed by Myers contained fabricated allegations, (Doc. 1 at 8), she does not allege facts showing that Officer Woesner knew or had reason to know the dispatch stream was false at the time of the arrest.

Responding officers are generally entitled to reasonably rely on information provided by dispatch. *See United States v. Jensen*, 425 F.3d 698, 704 (9th Cir. 2005) ("The accepted practice of modern law enforcement is that an officer often makes arrests at the direction of another law enforcement officer even though the arresting officer himself lacks actual, personal knowledge of the facts supporting probable cause."). Furthermore, Plaintiff's bare assertion that the charges were ultimately dismissed, (Doc. 1 at 15), does not, without more, establish that the initial arrest lacked probable cause at the moment it occurred.

Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for false arrest or false imprisonment against defendants Rippe and Woesner. If Plaintiff decides to amend this claim, she must be able to allege specific facts showing that defendant Rippe personally participated in or directed the arrest, and she must plead non-conclusory facts demonstrating that Officer Woesner lacked probable cause at the exact time of the arrest, such as by showing he knew or should have known the information from the dispatch stream or the 911 call was false. Further,

Plaintiff must be able to plead non-conclusory facts that clarify the duration of her detention and show that she was detained for an unlawful amount of time.

*ii.* The Court now turns to Plaintiff's Third Cause of Action: Malicious Prosecution against Defendants Rippe, Jhawer and Cross. Plaintiff pleads that she was "illegally detained," and that she "was forced to endure a criminal prosecution." (Doc. 1 at 9–10.).

To state a cognizable claim for malicious prosecution under Section 1983, a plaintiff must show that the defendants prosecuted her with malice and without probable cause, and did so for the purpose of denying her equal protection or another specific constitutional right. *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995); *see also Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004). Malicious prosecution actions are not limited to suits against prosecutors, but also may be "brought against other persons who have wrongfully caused the charges to be filed." *Awabdy*, 368 F.3d at 1066 (citing *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1126–27 (9th Cir. 2002)); *see also Blankenhorn v. City of Orange*, 485 F.3d 463, 482 (9th Cir. 2007) ("[a] police officer who maliciously or recklessly makes false reports to the prosecutor may be held liable for damages incurred as a proximate result of those reports").

Plaintiff's allegations do not plausibly demonstrate that Defendants Rippe, Jhawer, or Cross acted with malice or for the specific purpose of denying her equal protection or another distinct constitutional right. Conclusory assertions that the defendants acted maliciously, without supporting factual context showing an intent to violate her civil rights, do not satisfy the federal pleading standard. *See Iqbal*, 556 U.S. at 678. If Plaintiff chooses to amend this claim, she must allege specific, non-conclusory facts showing that Defendants Rippe, Jhawer, or Cross (1) acted with malice, (2) for the specific purpose of denying her equal protection (or another distinct constitutional right), and (3) explain exactly how their actions wrongfully caused the criminal charges to be filed.

*iii.* Next, the Court reviews Plaintiff's Sixth Cause of Action under 42 U.S.C. § 1983, alleging that Defendants Arzate, Chandler, Garcia, Serrano, Fams, and Sims violated her Fourteenth Amendment rights through a "State-Created Danger" and a "Failure to Protect" during an incident on October 8, 2020. (Doc. 1 at 27–28).

The Due Process Clause of the Fourteenth Amendment generally acts as a limitation on the state's power to act, not as a guarantee of safety or protection from private actors. *DeShaney v. Winnebago Cty. Dept. of Soc. Servs.*, 489 U.S. 189, 195 (1989). To state a claim under the narrow "state-created danger" exception, a plaintiff must allege facts showing that: (1) the officers undertook affirmative conduct that placed the plaintiff in a worse position than if they had not acted, (2) the private violence was reasonably foreseeable, and (3) the officers acted with deliberate indifference to a known or obvious danger. *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1061–62 (9th Cir. 2006). Critical to this doctrine is the requirement of an affirmative act; a failure to protect an individual from private violence, a failure to arrest an aggressor, or an inadequate police investigation does not satisfy this standard. *See Martinez v. City of Clovis*, 943 F.3d 1260, 1272 (9th Cir. 2019).

Here, Plaintiff alleges that during a domestic violence incident, Defendants located a firearm through a lawful search but utilized their authority to bypass recording the event as a domestic violence incident, categorizing it instead as a general incident. (Doc. 1 at 27). Plaintiff states that rather than executing a mandatory gun confiscation pursuant to California Penal Code § 18250, Defendants gave the gun to Plaintiff, making her more vulnerable to harm by leaving it in her possession. (*Id.*). Plaintiff further alleges that Defendants acted with deliberate indifference to the obvious risk that Myers could return to the residence after law enforcement departed, gain access to the firearm, and harm her. (*Id.*). Finally, Plaintiff states that Defendants allowed Myers to be driven from the scene by an underage individual who had consumed alcohol, characterizing this conduct as so egregious that it shocks the conscience. (*Id.*).

These allegations are insufficient to state a Fourteenth Amendment claim. First, the officers' decision not to seize the firearm and to leave it at the residence constitutes an omission or a failure to perform a statutory duty under state law, rather than an affirmative step that created a new, state-sanctioned hazard. *See Martinez*, 943 F.3d at 1272 (2019) (explaining that an officer's failure to perform their protective duties is not "an affirmative act [that] create[s] an actual, particularized danger").

The state-created danger doctrine requires that the state plant the seed of danger or actively

place a hazard in the plaintiff's path; a failure to enforce mandatory confiscation laws under Penal Code section 18250 does not transform an officer's non-feasance into an affirmative constitutional violation. *Id.* Further, arbitrary or negligent law enforcement actions are insufficient to meet this high standard. *See County of Sacramento v. Lewis*, 523 U.S. 833, 848–49 (1998). If Plaintiff elects to amend this claim, she must allege specific, non-conclusory facts showing that the individual defendants (1) took an affirmative action that actively created or increased a particularized danger to her, rather than a mere failure to act or protect, (2) that their conduct was the direct cause of a foreseeable act of violence that injured her, and (3) the individual defendants consciously chose to disregard the danger to her.

*iv.* The Court now turns to Plaintiff's tenth claim under 42 U.S.C. § 1983, alleging that Defendants Barajas and Monopoli violated her Fourteenth Amendment rights through a "Violation of Substantive Due Process" in 2023. (Doc. 1 at 31). Plaintiff alleges that she attempted to report severe ongoing offenses committed by Myers and presented extensive text messages and GPS data to Detective Barajas. (*Id.*). Plaintiff claims that after Detective Barajas consulted with District Attorney Monopoli, she was completely stonewalled from subsequent meetings, was prevented from disclosing her evidence, and blocked from reporting the crimes. (*Id.*).

To state a claim under section 1983 for violation of substantive due process, "a plaintiff must, as a threshold matter, show a government deprivation of life, liberty, or property." *Nunez v. City of L.A.*, 147 F.3d 867, 871 (9th Cir. 1998). "[O]nly the most egregious official conduct" establishes a substantive due process violation. *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). Government action may violate substantive due process if a plaintiff alleges egregious misconduct that goes well beyond an investigation or arrest lacking probable cause, such as where officials actively fabricate evidence, destroy exculpatory records, or weaponize municipal enforcement mechanisms with the explicit purpose to harm an individual for reasons unrelated to legitimate law enforcement objectives. *See Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008).Without more, law enforcement's failure to investigate a crime or take a police report does not violate the due process clause. "There is no constitutional right to a police investigation."

*Allen v. Smelosky*, No. EDCV 08-1782-JVS OP, 2010 WL 4366108, at *17 (C.D. Cal. May 17, 2010), *report and recommendation adopted*, No. EDCV 08-1782-JVS OP, 2010 WL 4363476 (C.D. Cal. Oct. 26, 2010); *see also Felder v. Brewer*, No. 222CV01702JDPPC, 2022 WL 16926125, at *2 (E.D. Cal. Nov. 14, 2022).

Detective Barajas's alleged failure to properly investigate Myers, look at Plaintiff's evidence, or hold subsequent meetings does not constitute an affirmative "instrument of oppression" or arbitrary action lacking a substantial relation to public safety. Investigative non-feasance, poor police services, or "stonewalling" a complaining witness do not rise to a conscience-shocking level of constitutional abuse. Because the allegations describe a failure to perform investigative protocols rather than an affirmative, malicious use of executive power intended to cause her independent harm, the Court finds that Plaintiff fails to state a cognizable section 1983 Substantive Due Process claim. If Plaintiff seeks to amend this claim, she should allege specific, non-conclusory facts that show defendants engaged in affirmative, egregious misconduct that "shocks the conscience," with the explicit purpose to harm her for reasons unrelated to legitimate law enforcement objectives.

**B. State Law Claims**

Plaintiff asserts two separate state law claims for Intentional Infliction of Emotional Distress (IIED). The Fourth Cause of Action targets Defendants Rippe, Jhawer, and Cross based on the events of September 27, 2020. (Doc. 1 at 25). The Eighth Cause of Action targets Defendants Hitter, Leona, and Collegio arising out of events on October 11, 2020. (*Id.* at 29–30).

As a threshold matter, where a Plaintiff relying on federal question jurisdiction has not adequately pleaded a federal claim, that Plaintiff has not established a basis for supplemental jurisdiction over their remaining state law claims. *See Acri v. Varian Assocs.*, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) ("[t]he Supreme Court has stated, and we have often repeated, that 'in the usual case in which all federal law claims are eliminated before trial, the balance of factors . . . will point towards declining to exercise jurisdiction over the remaining state-law claims'") (citation omitted). Further, state-law tort claims brought alongside federal constitutional claims may proceed in federal court only if the plaintiff alleges compliance with the California Tort

Claim Act's[4] claim-presentation requirement. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988) ("[Plaintiff's] pendent state law tort claims against both the individual and public entity defendants are barred unless he presented them to the City and the LAPD before commencing suit."); *Butler v. Los Angeles Cnty.*, 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008) ("Although a plaintiff may include supplemental state law claims in a civil rights action brought in federal court pursuant to 42 U.S.C. § 1983, the state law claims are subject to dismissal for failure to allege compliance with the claim-filing requirement of the CTCA."). To maintain a claim for damages against public employees, Plaintiff must explicitly allege compliance with the claim-presentation requirements of California Government Code Section 900 et seq., including the specific dates her claims were presented and subsequently rejected by the municipal entities. *See Munoz v. California*, 33 Cal. App. 4th 1767, 1776 (1995).

However, in the event that Plaintiff is able to remedy those deficiencies, the Court will identify further deficiencies within the substance of Plaintiff's claims. The elements for a claim of intentional infliction of emotional distress under California law are: "(1) outrageous conduct by the defendant, (2) intention to cause or reckless disregard of the probability of causing emotional distress, (3) severe emotional suffering, and (4) actual and proximate causation of the emotional distress." *Wong v. Tai Jing*, 189 Cal.App.4th 1354, 1376 (2010) (quoting *Agarwal v. Johnson*, 25 Cal.3d 932, 946 (1979)); *see also Adom v. City of Los Angeles*, No. 521CV00711JFWKES, 2023 WL 3958913, at *18 (C.D. Cal. May 17, 2023). Conduct is "extreme and outrageous" if it "exceed[s] all bounds of that usually tolerated in a civilized community." *Davidson v. City of Westminster*, 32 Cal. 3d 197, 209 (1982).

Regarding the named Defendants, Plaintiff relies entirely on conclusory, boilerplate recitations of these legal elements. In support of her fourth claim, Plaintiff states: "By engaging in the acts alleged herein, Defendants, Rippe, JHawer, Cross, and DOES 1-10 Inclusive engaged in outrageous, malicious, and egregious conduct with an intent to or a reckless disregard of the probability of causing Plaintiff, severe ongoing emotional, and psychological distress." (Doc. 1 at 25). Her specific factual allegations underpinning this claim state that: "Plaintiff spoke with

[4] *See* Cal. Gov. Code §§ 911.2, 945.4.

Serrano, who directed Plaintiff to email the injury photos to Jhawer. Plaintiff emailed the photos to Jhawer. Jhawer emailed plaintiff back and stated he was not going to include the photos in the report, against penal code 135[5]." (*Id.* at 10). An investigator's decision regarding what evidence or photographs to include within a police report, even if improper or negligent, is an operational law enforcement function that does not legally rise to the level of "outrageous conduct" exceeding all bounds of human decency. Constitutional violations, operational errors, or investigative deficiencies alone do not satisfy this high legal standard. *See Adom v. City of Los Angeles,* No. 5:21-CV-00711-JFW-KES, 2023 WL 3958913, at *18 (C.D. Cal. May 17, 2023).

Similarly, her Eighth Cause of Action lacks sufficient factual support. Plaintiff concludes that Defendants Hitter, Leona, and Collegio engaged in outrageous conduct, (Doc. 1 at 25), but her factual narrative states nothing more than: "FCSD, Hitter, Leona and Collegio arrive," "Hitter, Leona and Coleegio stand over a domestic violence victim," and "Hitter and Leona engage in pack abuse." (*Id.* at 18 –19). Arriving at a scene in response to a call for service is a standard law enforcement function and cannot constitute outrageous conduct. Plaintiff's other allegations are not sufficiently detailed. Because the factual allegations do not demonstrate extreme or outrageous conduct by any of the individual moving officers, Plaintiff fails to state a claim. If Plaintiff elects to amend this claim, she should explicitly allege her compliance with the California Tort Act's claim-presentation requirements, and plead concrete, non-conclusory facts demonstrating that each named defendant engaged in extreme and outrageous conduct with the intent to cause Plaintiff severe emotional harm.

### C. Statute of Limitations and Equitable Tolling

Though the statute of limitations is an affirmative defense, a district court may, *sua sponte*, consider whether a complaint is barred by the statute of limitations. *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 216 F.3d 764, 788 (9th Cir. 2000) (district courts may sua sponte "raise an affirmative defense [that] . . . has not been affirmatively waived"), *overruled on other grounds by Gonzalez v. Arizona*, 677 F.3d 383 (9th Cir. 2012) (en banc).

---

[5] California Penal Code § 135 is a criminal statute that does not provide a private civil right of action or any basis for civil liability.

The expiration of the statute of limitations may be grounds for a court to dismiss a complaint, *sua sponte*, at the screening stage on the grounds that it fails to state a claim when "the running of the statute of limitations is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 956 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006) (internal quotations omitted); *see also Belanus v. Clark*, 796 F.3d 1021, 1024–25 (9th Cir. 2015) (affirming dismissal of *pro se* complaint upon screening pursuant to 28 U.S.C. § 1915A, in part, because prisoner's complaint, on its face, appeared to be untimely and barred by the applicable statute of limitations); *Franklin v. Murphy*, 745 F.2d 1221, 1229 (9th Cir. 1984) ("An action may be dismissed under [IFP statute] where the defense is complete and obvious from the face of the pleadings or the court's own records."). A claim may be dismissed as time-barred only when "it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Von Saher*, 592 F.3d at 969 (quoting *Supermail Cargo, Inc. v. U .S.*, 68 F.3d 1204, 1206 (9th Cir. 1995)).

The statute of limitations for section 1983 claims is based on state law. *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007). Federal courts in California have held that the state's statute of limitations for personal injury actions, which is two years, applies to section 1983 claims. *Id.*; *see* Cal. Code Civ. P. § 335.1. Accordingly, Plaintiff's section 1983 claims are subject to a two-year statute of limitations. *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *see, e.g.*, *A.G. v. Cnty. of Siskiyou*, No. 2:24-cv-01375-DJC-CKD, 2024 WL 4682417, at *1 (E.D. Cal. Nov. 5, 2024).

Accrual of a section 1983 claims is dictated by the "discovery rule" which provides that a claim has accrued "when the plaintiff knows or has reason to know of the injury that is the basis of the action and the cause of that injury." *Gregg v. Hawaii, Dept. of Public Safety*, 870 F.3d 883, 887 (9th Cir. 2017). This does not mean that a plaintiff must be aware of the full extent of the injuries for accrual to occur, rather, a plaintiff must still be "diligent in discovering the critical facts." *Bibeau v. Pac. Nw. Rsch. Found. Inc.*, 188 F.3d 1105, 1108 (9th Cir. 1999).

Plaintiff's Third Cause of Action for malicious prosecution is legally distinct for accrual purposes. A section 1983 malicious prosecution claim does not accrue under the discovery rule

upon the initiation of a case, but rather accrues only when the underlying criminal proceedings terminate in the plaintiff's favor. *See Thompson v. Clark*, 596 U.S. 36, 39 (2022); *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1068 (9th Cir. 2004). Because Plaintiff alleges that her criminal case was formally dismissed in 2025, (Doc. 1 at 3), her malicious prosecution claim appears timely on the face of the complaint, though it remains substantively deficient for the reasons set forth above.

As to her other section 1983 claims, the Court observes that the incidents alleged in the complaint occurred several years ago, between 2020 and 2023. Specifically, the Complaint appears to allege four separate windows of conduct. One on September 27, 2020 (First, Second, Third, Fourth Causes of Action); one on October 8, 2020 (Fifth, Sixth and Seventh Causes of Action); one on October 11, 2020 (Eighth and Ninth Causes of Action); and an incident in 2023 (Tenth Cause of Action). The remaining causes of action do not state specific dates but generally allude to the time period between September 2020 and 2023, giving no indication that any individual's conduct continued beyond that period.

In the instant case, Plaintiff' position is that the arrest and subsequent events were patently unjustified. (*See* Doc. 1). Given her position, under the discovery rule, Plaintiff knew or had reason to know of her immediate injuries when the respective arrests and seizures occurred between 2020 and 2023. *See Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001). Because Plaintiff did not bring the instant action until June 3, 2026, her claims predicated on these 2020 and 2023 events appear time-barred on their face. Plaintiff's claims appear to have accrued as of August 24, 2023, when the final incident of alleged investigative harm occurred.[6] (Doc. 1 at 21). Though the complaint asserts that Plaintiff completed an administrative grievance procedure, stating that "Plaintiff has complied with Government Code §§ 800 et seq.," (Doc. 1 at 7), she

---

[6] While not entirely clear on the face of the Complaint, if plaintiff was in custody at the time the underlying events occurred, the Court observes that she may be entitled to a period of tolling of the appliable limitations period. A federal court also borrows California's statutory and equitable tolling rules to calculate the limitations period, to the extent they are not inconsistent with federal law. *See Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002); *Jones v. Blanas*, 393 F.3d 918, 927–28 (9th Cir. 2004). Among other statutory provisions, California applies up to two years of tolling for a plaintiff imprisoned for less than a life term. Cal. Civ. Proc. Code § 352.1(a) ("If a person entitled to bring an action . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years. Even if the Court were to find that Plaintiff is entitled to tolling, it does not appear that it would solve Plaintiff's statute of limitations issue.

failed to attach or explicitly detail her grievance documentation. Such documentation would presumably shed further light on the timeline of Plaintiff's discovery of her claims, when she exhausted her administrative remedies, and whether those tracks affect the timeline.

Assuming these claims are time-barred as they appear to be on the face of the Complaint, Plaintiff would need to rely on a theory of equitable tolling to state cognizable claims. Because federal civil rights statutes such as section 1983 do not contain a federal limitations period, federal courts look to the forum state to determine both the timeline for filing and the rules for pausing that timeline. See *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014). Specifically, federal courts apply the forum state's statute of limitations for personal injury actions alongside the state's law regarding tolling, unless those laws directly conflict with federal policy (*id.*; *see also Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 711 (9th Cir. 1993)). Under California law, "[e]quitable tolling is a judge-made doctrine 'which operates . . . to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." *Lantzy v. Centex Homes*, 73 P.3d 517 (Cal. 2003). In California, the applicable personal injury limitations period is two years (*Butler*, 766 F.3d at 1198). Accordingly, because the court must borrow California's limitations period, the doctrine of equitable tolling in this matter is governed strictly by California law, not federal law.

California provides for equitable tolling in limited circumstances when a plaintiff establishes the following three conditions: "(1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith." *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999) (internal quotation and citation omitted), *cert. denied*, 529 U.S. 1117 (2000); *see also Jones, 393 F.3d at 928* ("Equitable tolling under California law 'operates independently of the literal wording of the Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness.'") (quoting *Lantzy v. Centex Homes*, 31 Cal. 4th 363, 370 (2003)).

To the extent that Plaintiff's section 1983 claims accrued more than two years prior to filing, the complaint in its current form does not allege any facts to suggest equitable tolling. (*See*

*generally* Doc. 1). If Plaintiff elects to amend her complaint in an effort to plead cognizable claims, the amended complaint must plead additional facts, including facts regarding the specific timeline and accrual of her claims, and any applicable tolling of the limitations period.

**D. Leave to Amend**

The Court has screened Plaintiffs' complaint and finds that it fails to state any cognizable claims. Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiffs with time to file an amended complaint so they can specify their claims with additional factual allegations. *Lopez*, 203 F.3d at 1130.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must identify what causes of action are being pursued, identify the improper actions or basis for liability of each defendant, and the factual allegations must demonstrate plausible claims, *Iqbal*, 556 U.S. at 678–79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). Each claim and the involvement of each defendant must be sufficiently alleged. The complaint should also address the deficiencies identified in this order.

Plaintiffs are further advised that an amended complaint supersedes all prior complaints filed in an action, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed by Plaintiff under penalty of perjury. Fed. R. Civ. P. 11(a). By signing an amended complaint, a plaintiff certifies that they have made reasonable inquiry and have evidentiary support for their allegations and that for violation of this rule the Court may impose sanctions sufficient to deter repetition by Plaintiff or others. Fed. R. Civ. P. 11.

Throughout her factual allegations, the Court observes that Plaintiff interweaves, quotes, and references an unrelated case involving Eric Martinez Felix, 1:21-cv-1417-DAD-SKO, seemingly linking the facts of that matter to the present action. These references are confusing and legally irrelevant to Plaintiff's unique claims. Should Plaintiff choose to file an amended complaint, she should omit all references to that unrelated case and remove that separate complaint as an exhibit.

Although Plaintiff has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). The Court makes clear that if Plaintiff chooses to seek relief based on a different cause of action, that new cause of action must be reasonably related to the allegations contained in the original complaint.

Plaintiffs have a choice on how to proceed. Plaintiffs may file an amended complaint as described above, which will be screened in due course. Alternatively, Plaintiffs may choose to stand on their complaint subject to the Court issuing findings and recommendations to a district judge consistent with this order. Lastly, Plaintiffs may file a notice of voluntary dismissal.

## II. ORDER

Based on the foregoing, IT IS ORDERED that within thirty (30) days from the date of service of this order, Plaintiff shall either:

1. File a First Amended Complaint;
2. Notify the Court in writing that they wish to stand on the current complaint; or
3. File a notice of voluntary dismissal.

If Plaintiff chooses to file an amended complaint, Plaintiffs shall caption the amended complaint "First Amended Complaint" and refer to case number 1:26-cv-04253-KES-EGC. **Failure to comply with this order may result in the dismissal of this action.**

IT IS SO ORDERED.

Dated: **August 27, 2026**

Erin Sanchez Castillo [signature]
UNITED STATES MAGISTRATE JUDGE